### STATE OF CONNECTICUT v. MARIN ROBLES (11521)

DUPONT, C. J., O'CONNELL and HEIMAN, Js.

Argued September 27—decision released November 16, 1993

*Suzanne Zitser*, assistant public defender, for the appellant (defendant).

*Steven M. Sellers*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James R. Dinnan*, assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from a judgment of conviction, rendered after a trial to the court, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[1] He claims that the trial court improperly admitted testimony that focused on the defendant's invocation of his constitutionally protected right to silence. We affirm the judgment of the trial court.

The court reasonably could have found the following facts. During the early evening of December 12, 1990, Efrain Acevedo visited the Meriden apartment of the defendant, who expressed his dissatisfaction with a car radio that Acevedo had sold to him one month earlier. When Acevedo refused to refund his money, the defendant became angry and challenged Acevedo to fight. Acevedo declined and left the defendant's apartment. He observed a police car nearby, and asked Officer Lou Sobieraj, who was inside the car, to calm down the defendant. Acevedo was concerned that the defendant might attack him. Sobieraj did not get a chance to speak to the defendant, however.

After Acevedo had returned to his own apartment, the defendant and another man knocked at the door while Acevedo was in the living room playing with his son. When Acevedo again refused to refund his money, the defendant pushed in the partially opened door and stabbed Acevedo in the left side of his chest with a knife. Acevedo pulled out the knife, grabbed a nearby baseball bat, struck the defendant over the head with the bat and then fell to the floor. Acevedo's wife ran into the living room to help, and he asked her to get his revolver. At that point, the defendant and his com-

---

[1] General Statutes § 53a-59 provides in relevant part: "(a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

panion left. After the police arrived, Acevedo was taken to the hospital for emergency surgery on the potentially deadly wound, and has since fully recovered.

After reporting to the scene of the stabbing, two police officers, Michael Lyons and Sobieraj visited the defendant's apartment. The defendant was bleeding from a cut on his head when he answered the door, and, when asked by Lyons what had happened, the defendant said that he had "hurt himself." Another police officer, Carlos Otero, later arrived at the defendant's apartment and advised the defendant in Spanish of his *Miranda*[2] rights. Otero then asked him how he had received the gash in his forehead. The defendant replied that someone had hit him over the head with a baseball bat, but did not mention the stabbing. Subsequently, the defendant was transported to the hospital. When the defendant was released from the hospital, Otero had him sign a *Miranda* rights form printed in Spanish, which the defendant said he understood. At that time, the defendant refused to make a further statement.

At trial, the prosecutor asked Lyons once, the defendant once, and Otero twice if the defendant ever mentioned that he had stabbed someone. The state, in its closing argument, again alluded to the silence of the defendant as to the stabbing. The defendant was found guilty of assault in the first degree by the trial court. His sole claim is that the trial court improperly admitted the testimony of Otero and the defendant regarding the defendant's post*Miranda* silence, which the state used to impeach the defendant's credibility.[3]

[2] *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] In the defendant's brief, he also claimed as improper the court's admission of the testimony of Lyons regarding the defendant's failure to inform the police of the stabbing. Because it is unclear from

The defendant claims that the trial court violated his rights to due process and against self-incrimination pursuant to the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution when it permitted the state to ask questions that focused on the defendant's post-*Miranda* silence. Such questioning is prohibited by the decision of the United States Supreme Court in *Doyle* v. *Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976); see also *State* v. *Silano,* 204 Conn. 769, 529 A.2d 1263 (1987); *State* v. *Apostle,* 8 Conn. App. 216, 512 A.2d 947 (1986).

The defendant's counsel did not preserve this claim by raising an objection to the challenged testimony at trial. The defendant maintains, however, that the issue can be reviewed under the doctrine of *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). *Golding* held that a defendant can prevail on an unpreserved claim of constitutional error only if the record is adequate to review the claim of error, if the defendant alleges the violation of a fundamental constitutional right that clearly exists and clearly deprived him of a fair trial, and, if a harmless error analysis must be undertaken, the state has failed to demonstrate the harmlessness of the violation beyond a reasonable doubt. Id., 239–40. "In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." Id., 240. Here, we need not decide whether the trial court committed a *Doyle* violation by allowing the state to ask questions about the defendant's post*Miranda* silence because we conclude

the record, however, whether Lyons spoke to the defendant before or after Otero read him his *Miranda* rights, the defendant abandoned this claim in his reply brief.

that the state has proven beyond a reasonable doubt that any violation of the principles of *Doyle* was harmless.

The test for harmfulness of a *Doyle* violation "is whether 'there is a reasonable possibility that the improperly admitted evidence contributed to the conviction . . . .' " *State* v. *Jones,* 215 Conn. 173, 184, 575 A.2d 216 (1990), quoting *Schneble* v. *Florida,* 405 U.S. 427, 432, 92 S. Ct. 1056, 31 L. Ed. 2d 340 (1972). "The harmlessness of an error depends upon its impact on the trier and the result . . . ." (Internal quotation marks omitted.) *State* v. *Jones,* supra, 185.

Here, the trial was before a court, not a jury, which decreases the likelihood that the trier of fact was misled by the state's allusion to the defendant's invocation of his *Miranda* rights. See *State* v. *Sherbacow,* 21 Conn. App. 474, 484, 574 A.2d 817, cert. denied, 216 Conn. 808, 580 A.2d 65 (1990). The collective decision of a jury is more likely to reflect the taint of a *Doyle* violation than the decision of a trial judge trained to sift out and discard evidentiary improprieties.

Moreover, the defendant's invocation of his right to remain silent is neither mentioned nor alluded to in the transcript of the court's decision. The transcript instead contains the court's assessment of the overall incredibility and transparency of the defendant's story in comparison to Acevedo's "logical and consistent" explanation of the altercation. The court stated that it did not have much difficulty determining which account to believe, as there was not "a single piece that [did not] fit" Acevedo's story. The court concluded that the evidence against the defendant was overwhelming.

Although the state alluded to the silence of the defendant on four separate occasions, none of its questions was specifically directed at postarrest, as opposed to prearrest, silence. Rather, the state asked whether

the defendant had "ever" told the police that he stabbed Acevedo. We acknowledge that *State* v. *Esposito,* 223 Conn. 299, 319–20, 613 A.2d 242 (1992), held that a question that could reasonably be understood to encompass both prearrest and postarrest silence should not be allowed. See also *State* v. *Jeffrey,* 220 Conn. 698, 721, 601 A.2d 993 (1991), cert. denied,      U.S.    , 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992). The state's questions in this trial to the court, however, cannot be said to have "struck at the jugular" of the defendant's defense, or "highlighted" the defendant's silence to the point of prejudicial error. *State* v. *Canty,* 223 Conn. 703, 714, 613 A.2d 1287 (1992). On the basis of the totality of the circumstances in this case, we conclude that the state has established beyond a reasonable doubt that the alleged improper questioning was not a factor in the outcome of the trial. See *State* v. *Canty,* supra, 714; *State* v. *Jones,* supra, 185–87; *State* v. *Apostle,* supra, 227. The defendant, therefore, cannot prevail. *State* v. *Golding,* supra, 239–40.

The judgment is affirmed.

In this opinion the other judges concurred.